UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41420
Summary Calendar

_____

ROBERT LEE CHAMBLISS,

Plaintiff-Appellant

VERSUS

LARRY G. MASSANARI, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee

_____

Appeal from the United States District Court
For the Eastern District of Texas

_____
October 18, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:

Robert Lee Chambliss ("Chambliss") appeals from the district court's judgment affirming the denial of his application for disability insurance benefits. He argues that the (1) Administrative Law Judge ("ALJ") improperly evaluated his allegations of pain; (2) the ALJ did not give appropriate weight to the Veterans Administration's ("VA") determination that he was

1

permanently and totally disabled; and (3) the ALJ relied solely on expert witness testimony and not his medical records.

## 1.   Allegations of Pain

The ALJ did not improperly evaluate the claimant's allegations of pain.  Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence.  *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).   It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference.  *See Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991); *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).  The determination whether an applicant is able to work despite some pain is within the province of the administrative agency and should be upheld if supported by substantial evidence. *See Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983).  Moreover, pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling.  *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).  Subjective complaints of pain must also be corroborated by objective medical evidence.  *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

In the instant case, the ALJ properly considered Chambliss' complaints of chest pain.   However, the ALJ determined that Chambliss' statements concerning his impairments, i.e., chest pain, and their impact on his ability to work were "not entirely credible

in light of the reports of the treating and examining practitioners and the medical history." The ALJ concluded that "nothing [in the medical records] shows significant ongoing cardiac problems or any basis for restricting the claimant to less than light work activity, limited by seizure precautions and a restriction from exposure to concentrated pulmonary irritants." (Tr. At 14). Based upon the medical records in evidence, we find the ALJ's determination that the claimant's alleged pain was not sufficient enough to prevent substantial gainful employment to be supported by substantial evidence.

**2.   VA Disability Determination**

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. *See Loza v. Apfel,* 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981). In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability

3

determination if they adequately explain the valid reasons for not doing so.

In the case at bar, the ALJ considered the VA's determination that Chambliss was permanently and totally disabled, but gave it diminished weight. However, the ALJ provided specific reasons for giving the VA determination diminished weight. First, the ALJ noted that the VA disability determination was made only a year after Chambliss' heart surgery. Second, although not entirely clear from the ALJ's decision, the ALJ apparently found that the VA disability determination and the treating physician's opinion that Chambliss could not work were "conclusory" in nature because they did not adequately explain why Chambliss could not engage in light work activity. Furthermore, the ALJ evidently discounted the treating physician's opinion because it was made as part of an application for food stamps (based upon need). Because the ALJ considered the VA disability determination and set forth valid reasons for giving the determination diminished weight, we cannot say that the ALJ erred simply because it did not give "great weight" to the VA disability determination.

**3. Inappropriate Weight Given to Expert Witness Testimony**

Chambliss argues for the first time in this appeal that the ALJ based his decision solely upon the expert witness' testimony and not the medical records. As a general rule, this court does not review issues raised for the first time on appeal. *See Kinash*

4

*v. Callahan*, 129 F.3d 736, 739 n.10 (5th Cir. 1997).  Therefore, it is not necessary to address this issue.[1]

## 4.    Conclusion

Our review of the evidence indicates a mixed record concerning Chamblis' health problems and their impact on his ability to engage in substantial gainful work activity during the relevant time period.  However, the task of weighing the evidence is the province of the ALJ.  Our job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision.  *See Greenspan v. Shalala*, 38 F.3d 232, 240 (5th Cir. 1994).  Since substantial evidence does exist, the ALJ's decision is upheld.

AFFIRMED.

---

[1] We note, however, that Chambliss' contention is without merit because the ALJ based his decision upon both the testimony elicited from the expert witness as well as claimant's medical records.  The relative weight to be given these pieces of evidence is within the ALJ's discretion.  *See Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988).