United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-51172
Summary Calendar

CARROLL VYBIRAL,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-355

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Carroll Vybiral appeals the district court's decision affirming the determination by the Commissioner of Social Security that she is not disabled within the meaning of the Social Security Act. She avers that the administrative law judge erred in (1) finding that she was not disabled and that she retained the residual functional capacity for medium work; (2) affording Dr.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramiro A. Pena's opinion that she could only work for four hours a day little to no weight; (3) giving greater weight to the opinions of state agency employees; (4) failing to properly assess her credibility; and (5) failing to call a medical expert. Vybiral also contends that the hypothetical posed to the vocational expert was defective. Lastly, Vybiral, relying on *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), avers that the case should be remanded because the administrative law judge failed to make any finding that she is able to maintain employment.

Having reviewed the record and briefs on appeal, we conclude that the administrative law judge determined that the objective medical evidence indicated that Vybiral suffered from severe impairments, but the evidence did not support a finding that she had an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulation No. 4. The administrative law judge applied the correct legal standard in determining whether Vybiral was disabled, and the administrative law judge's decision is supported by substantial evidence. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).

Vybiral alleges that the administrative law judge gave too little weight to Dr. Pena's opinion. An administrative law judge is free to reject the opinion of any physician when the evidence supports a contrary conclusion and may give little or no weight to a treating physician's opinion if good cause is shown. *Greenspan*

2

*v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). An administrative law judge may "disreg[ard] statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Newton* at 456.

In *Newton*, this court held that before declining to give a treating physician's opinion controlling weight, the administrative law judge must consider the criteria set forth in 20 C.F.R. § 404.1527(d)(2). *Id*. at 456. Those factors are length of treatment, frequency of examination, nature and extent of the treatment relationship, support of opinion afforded by medical evidence, consistency of opinion with the record as a whole, and specialization of the treating physician. *Id*. If the administrative law judge determines that the treating physician's records are inconclusive or otherwise inadequate, the administrative law judge should seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 453, 357-58.

The administrative law judge specifically considered the *Newton* factors. The judge noted that Dr. Pena only saw Vybiral twice and there was no indication in the medical records as to the type of examinations he performed. The judge also observed that Dr. Pena was a surgeon but that he did not recommend surgery. The judge further concluded that Pena's opinion that Vybiral was only

3

capable of working four hours was inconsistent with the record as a whole. The judge finally noted that he had sought clarification from Pena but received no response.

Although a letter from Pena to the administrative law judge dated September 18, 2000, is part of the administrative record and predates the judge's decision, Vybiral does not allege on appeal that the existence or the contents of this letter call into question the judge's decision. Indeed, Vybiral does not even mention this letter at all on appeal. Even if the letter is considered, including Pena's claim therein that he saw Vybiral five times in his office, it does not specify what examinations were performed and the dates on which they occurred. Moreover, even taking into account the contents of the letter, substantial evidence, including the conclusions of other doctors, x-rays, and Vybiral's own statements about the many physical activities she performed, supports the judge's conclusion that the record as a whole is inconsistent with Pena's conclusion that Vybiral could only work for four hours a day. Under all the circumstances, any error in the administrative law judge's failure to mention the September 18 letter is not such as to warrant reversal.

Vybiral's contention that the judge gave too much weight to the opinions of the state agency medical consultants is without merit. The judge considered the opinions of numerous physicians and there is no indication that undue weight was accorded to the

4

opinions of state agency medical consultants, or that those consultants were in any way unreliable.

Vybiral's claims that the administrative law judge failed to properly assess her credibility and call a medical expert and that the hypothetical posed to the vocational expert was defective are conclusional. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Vybiral did not raise the *Watson* issue below, and counsel has not established "exceptional circumstances" for the failure to raise this issue below. *Kinash v. Callahan*, 129 F.3d 736, 738 n.10 (5th Cir. 1997). Therefore, we decline to review this issue. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The judgment of the district court is

AFFIRMED.