United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30277
Summary Calendar

_____

ETTA F. JOSEPH-JACK,

Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-88
---------------------

Before BARKSDALE, EMILIO M. GARZA, DENNIS, Circuit Judges.

PER CURIAM:*

Etta F. Joseph-Jack appeals from the district court's order
affirming the Social Security Commissioner's (the Commissioner's)
denial of Supplemental Security Income benefits. See 42 U.S.C. §
405(g). She argues that the administrative law judge (ALJ) erred
in determining at Step Four of the sequential evaluation process
that she could perform past relevant work.

Our review of the Commissioner's decision is limited to
determining whether substantial evidence in the record supports

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the decision and whether the Commissioner applied the proper legal standards.  See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).

We reject Joseph-Jack's contention that the ALJ failed to consider her other alleged impairments in combination with her fibromyalgia in determining whether she had the residual functional capacity (RFC) to return to past relevant work.  Our review of the record reveals that the ALJ indeed addressed these alleged impairments in determining her RFC.

We further reject Joseph-Jack's contention that the ALJ was unfair and impartial; she has not demonstrated that she was deprived her right to a fair hearing.  See Helena Labs. Corp. v. NLRB, 557 F.2d 1183, 1188-89 (5th Cir. 1977).

We further hold that it was not error for the ALJ to use the orthopedic consultative examiner's report in support of the disability determination and, moreover, that Joseph-Jack has shown no prejudice resulting from the fact that the consultative examination was not performed by a rheumatologist.  See Brock v. Chater, 84 F.3d 726, 727 (5th Cir. 1996).

Insofar as Joseph-Jack argues that the ALJ's credibility assessment was not supported by the medical evidence, she points this court to no evidence in the record to support her contention.  Moreover, her contention that the ALJ failed to link his credibility finding to substantial evidence is refuted by the record; the ALJ cited to the benign findings of the medical

reports, the absence of hospitalizations or any other treatment for her alleged chronic pain, negative and/or inconclusive objective clinical studies, and physical exams which demonstrated no outward signs of limitations or strength deficits. The ALJ's credibility determinations were indeed linked to substantial evidence. See Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

We also reject Joseph-Jack's argument that because the record was devoid of a residual function capacity (RFC) assessment by a medical source, the ALJ was not competent to assess her RFC. It is the ALJ's responsibility to determine a claimant's RFC, and such an assessment is not a medical opinion. See 20 C.F.R. §§ 416.946, 416.927(e).

Joseph-Jack's argument that it was inappropriate for the ALJ to consider the opinion of a vocational expert (VE) at Step Four of the sequential evaluation process is also rejected; we have never held as such and have condoned the use of a VE to supply information about the claimant's past work. See, e.g., Shave v. Apfel, 238 F.3d 592, 594 (5th Cir. 2001); Leggett v. Chater, 67 F.3d 558, 563-64 (5th Cir. 1995).

Finally, Joseph-Jack's contention that the ALJ abdicated his fact finding and evaluating duties to the VE is wholly unsupported by the hearing testimony and the thoroughness of his written determination.

AFFIRMED.