**Robert WELCH, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. CIV.A.H–03–2512.**

United States District Court, S.D. Texas, Houston Division.

June 4, 2004.

Ray Jackson McQuary, Attorney at Law, Houston, TX, for Plaintiff.

Joseph B. Liken, OGC Social Sec. Admin., Dallas, TX, for Defendant.

## MEMORANDUM AND ORDER

BOTLEY, United States Magistrate Judge.

Pending before the Court are Plaintiff Robert Welch's ("Welch") and Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner") cross-motions for summary judgment. Welch appeals the determination of an Administrative Law Judge ("ALJ") that he is not entitled to receive Title II disability insurance benefits. *See* 42 U.S.C. §§ 416(i), 423. Having reviewed the pending motions, the submissions of the parties, the pleadings, the administrative record, and the applicable law, this Court is of the opinion that Welch's Motion for Summary Judgment (Docket Entry No. 22) should be granted, the Commissioner's Motion for Summary Judgment (Docket Entry No. 23) should be denied, the ALJ's decision denying benefits be reversed, and the case should be remanded pursuant to sentence four to the Social Security Administration ("SSA") for further proceedings.

### I. *Background*

Welch filed an application for disability insurance benefits alleging disability beginning on January 1, 2000, as a result of diabetes mellitus,[1] diabetic nephropathy[2] and retinopathy,[3] coronary artery disease,[4]

---

**1.** "Diabetes mellitus" is a chronic syndrome of impaired carbohydrate, protein, and fat metabolism owing to insufficient secretion of insulin or to target tissue insulin resistance. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 489 (29th ed.2000).

**2.** "Diabetic nephropathy" is a disease of the kidneys that commonly accompanies later stages of diabetes mellitus. *See* DORLAND'S, *supra,* 1187 (29th ed.2000).

**3.** "Diabetic retinopathy" refers to retinitis or retinosis associated with diabetes mellitus. *See* DORLAND'S, *supra,* at 1567.

**4.** "Coronary artery disease" refers to atherosclerosis of the coronary arteries, which may cause angina pectoris, myocardial infarction, and sudden death. *See* DORLAND'S, *supra,* at 514.

hypertension,[5] degenerative disc disease,[6] status post spinal fusion,[7] disorders of the aortic valve, and liver disease. (R. 15, 55–58). After being denied benefits initially and on reconsideration, Welch requested an administrative hearing before an ALJ. (R. 27–31, 34–39).

A hearing was held on March 19, 2003, in Bellaire, Texas, at which time the ALJ heard testimony from Welch; Steven Goldstein, M.D., a medical expert; and Byron Pettingill, a vocational expert ("VE"). (R. 15, 451–473). In a decision dated March 26, 2003, the ALJ denied Welch's application for benefits. (R. 15–22). On April 15, 2003, Welch appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals. (R. 10). The Appeals Council, on June 6, 2003, denied Welch's request to review the ALJ's determination. (R. 7–9). This rendered the ALJ's opinion the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). Welch filed the instant action on July 10, 2003, seeking judicial review of the Commissioner's denial of his claim for benefits. *See* Docket Entry No. 1.

## II. *Analysis*

### A. *Statutory Bases for Benefits*

Social Security disability insurance benefits are authorized by Title II of the Act and are funded by Social Security taxes. *See also* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100. The disability insurance program provides income to individuals who are forced into involuntary, premature retirement, provided they are both *insured* and *disabled,* regardless of indigence. A claimant for disability insurance can collect benefits for up to twelve months of disability prior to the filing of an application. *See* 20 C.F.R. §§ 404.131, 404.315; *Ortego v. Weinberger,* 516 F.2d 1005, 1007 n. 1 (5th Cir.1975); *see also Perkins v. Chater,* 107 F.3d 1290, 1295 (7th Cir.1997).

Applicants seeking benefits must prove "disability" within the meaning of the Act. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1505(a). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. § 423(d)(1)(A).

### B. *Standard of Review*

#### 1. *Summary Judgment*

This Court may grant summary judgment under FED. R. CIV. P. 56(c) when the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact. The burden of proof, however, rests with the movant to show that there is no evidence to support the nonmoving party's case. If a reasonable jury could return a verdict for the nonmoving party, then a motion for summary judgment cannot be granted because there exists a genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

5. "Hypertension" refers to high arterial blood pressure. *See* DORLAND'S, *supra,* at 858.

6. "Degenerative disease" is a disease characterized by the progressive impairment of the function of an organ or organs and not attributable to some cause such as an infection or a metabolic defect. *See* GOULD'S MEDICAL DICTIONARY 363 (4th ed.1979).

7. "Status post spinal fusion" is an operative immobilization or ankylosis of two or more vertebrae, often with diskectomy or laminectomy. *See* DORLAND'S, *supra,* at 719.

An issue of fact is "material" only if its resolution could affect the outcome of the case. *See Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 189 (5th Cir.1991). When deciding whether to grant a motion for summary judgment, the court shall draw all justifiable inferences in favor of the nonmoving party, and deny the motion if there is some evidence to support the nonmoving party's position. *See McAllister v. Resolution Trust Corp.,* 201 F.3d 570, 574 (5th Cir.2000). If there are no issues of material fact, the court shall review any questions of law *de novo. See Merritt–Campbell, Inc. v. RxP Prods., Inc.,* 164 F.3d 957, 961 (5th Cir.1999). Once the movant properly supports the motion, the burden shifts to the nonmoving party, who must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *International Ass'n of Machinists & Aerospace Workers, AFL–CIO v. Compania Mexicana de Aviacion, S.A. de C. V.,* 199 F.3d 796, 798 (5th Cir.2000).

### 2. *Administrative Determination*

■ Judicial review of the Commissioner's denial of disability benefits is limited to whether the final decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *See Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir.2002). "Substantial evidence" means that the evidence must be enough to allow a reasonable mind to support the Commissioner's decision; it must be more than a mere scintilla and less than a preponderance. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Masterson,* 309 F.3d at 272; *Brown v. Apfel,* 192 F.3d 492, 496 (5th Cir.1999).

When applying the substantial evidence standard on review, the court "scrutinize[s] the record to determine whether such evidence is present." *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir.2001) (citations omitted). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *See Watson v. Barnhart,* 288 F.3d 212, 215 (5th Cir.2002). Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision. *See Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir.2001). The court may not, however, reweigh the evidence, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *See Masterson,* 309 F.3d at 272. In short, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.*

### C. *ALJ's Determination*

An ALJ must engage in a five-step inquiry to determine whether the claimant is capable of performing "substantial gainful activity," or is, in fact, disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings. *See* 20 C.F.R. § 404.1520(b).

2. An individual who does not have a "severe impairment" will not be found to be disabled. *See* 20 C.F.R. § 404.1520(c).

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors. *See* 20 C.F.R. § 404.1520(d).

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled"

must be made. *See* 20 C.F.R. § 404.1520(e).

5. If an individual's impairment precludes performance of his past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if any work can be performed. *See* 20 C.F.R. § 404.1520(f).

*Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir.2000); *accord Boyd,* 239 F.3d at 705. The claimant has the burden to prove disability under the first four steps. *See Myers,* 238 F.3d at 619. If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *See Masterson,* 309 F.3d at 272; *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994), *cert. denied,* 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). If the Commissioner is able to verify that other work exists in significant numbers in the national economy that the claimant can perform in spite of his or her existing impairments, the burden shifts back to the claimant to prove that he or she cannot, in fact, perform the alternate work suggested. *See Boyd,* 239 F.3d at 705. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *See id.*

The mere presence of an impairment does not necessarily establish a disability. *See Anthony v. Sullivan,* 954 F.2d 289, 293 (5th Cir.1992). An individual claiming disability benefits under the Act has the burden to prove that he suffers from a disability as defined by the Act. *See Newton,* 209 F.3d at 452; *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990); *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir.1988); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir.1985).

A claimant is deemed disabled under the Act only if he demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Shave v. Apfel,* 238 F.3d 592, 594 (5th Cir.2001); *accord Newton,* 209 F.3d at 452; *Crowley v. Apfel,* 197 F.3d 194, 197–98 (5th Cir.1999); *Selders,* 914 F.2d at 618; *see also* 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is defined as work activity involving significant physical or mental abilities for pay or profit. *See Newton,* 209 F.3d at 452–53; *see also* 20 C.F.R. § 404.1572(a)-(b).

A medically determinable "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir.1983); *see also* 42 U.S.C. § 423(d)(3). "[A]n individual is 'under a disability, only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" *Greenspan,* 38 F.3d at 236 (quoting 42 U.S.C. § 423(d)(2)(A)). This is true regardless of whether such work exists in the immediate area in which the claimant resides, whether a specific job vacancy exists, or whether the claimant would be hired if he applied. *See Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir. 1981); *see also* 42 U.S.C. § 423(d)(2)(A).

In the case at bar, when addressing the first four steps, the ALJ determined:

1. The claimant met the disability insured status requirements of the Act on January 1, 2000, the alleged onset date of disability, and continued to meet them at least through the date of this decision.
2. The claimant has not engaged in substantial gainful activity during the relevant period under consideration.
3. The claimant has the following severe medically determinable impairments: diabetes mellitus, diabetic nephropathy and retinopathy, coronary artery disease, hypertension, degenerative disc disease, status post spinal fusion, disorders of the aortic valve, hypertension, and liver disease.
4. The claimant's impairments, singly or in combination, do not meet or equal in severity the medical criteria for any impairment described in the Listings.
5. The testimony concerning subjective symptoms and functional limitations is not wholly credible or supported by the evidence as a whole insofar as the claimant alleges an inability to perform all work activity including a limited range of light work.
6. The claimant retains the residual functional capacity for light work. However, the claimant must avoid dangerous equipment and moving machinery. He also can not do any climbing.
7. The claimant can do his past relevant work as a consultant.
8. The claimant was not under a "disability," as defined in the Act, at any time through the date of this decision.

(R. 21–22). Because the claimant was found to be able to perform his past relevant work, a finding of "not disabled" was made, and the ALJ did not address the fifth step of the analysis.

This Court's inquiry is limited to a determination of whether there is substantial evidence in the record to support the ALJ's findings and whether the proper legal standards have been applied. *See Masterson*, 309 F.3d at 272; *Watson*, 288 F.3d at 215; *Myers*, 238 F.3d at 619; *Newton*, 209 F.3d at 452; *Greenspan*, 38 F.3d at 236; *see also* 42 U.S.C. § 405(g)

### D. *Issues Presented*

Welch contends that the ALJ did not apply proper legal standards to evaluate the evidence. Specifically, Welch claims that the ALJ erred by determining Welch had a residual functional capacity for a range of light work and was capable of performing his past relevant work as a consultant, despite a claim of a 100% disability rating from the Veterans Administration ("VA"). Welch argues that the ALJ was required to consider the disability rating from the VA; the evidence of that disability rating was entitled to great weight; and, the ALJ was required to explain his reasons for not considering the disability rating.

The Commissioner argues that the ALJ did not err in his application of the five-step sequential evaluation to determine disability. The Commissioner maintains that the ALJ, by citing testimony of the VE, correctly found Welch not disabled at step four of the sequential evaluation. The Commissioner acknowledges that an ALJ should ordinarily expressly evaluate a disability rating from the VA and discuss reasons for not giving that disability rating great weight in the evaluation of the claim. The Commissioner maintains, however, that the actions of the ALJ do not amount to reversible error in this matter. The Commissioner argues that Welch did not supply sufficient evidence to support his

claim of a 100% disability rating from the VA; thus, the proper legal standards were met. The Commissioner concedes that if Welch was able to produce evidence supporting his claim of a 100% disability rating by the VA, the potential for error on the part of the ALJ may exist.

### E. *VA Disability Determination*

■ "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir.2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir.2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir.1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir.1981)); *see also Underwood v. Bowen*, 828 F.2d 1081, 1083 (5th Cir.1987), *cert. denied*, 484 U.S. 1029, 108 S.Ct. 758, 98 L.Ed.2d 770 (1988). In *Chambliss*, the Fifth Circuit observed that it has sometimes referred to a VA disability determination as being entitled to "great weight." 269 F.3d at 522. The Court reaffirmed that "[w]hile this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case." *Id.*

■ Notwithstanding, the Court noted that ALJ's need not give "great weight" to a VA disability determination *if* the ALJ adequately explains the valid reasons for not doing so, as the regulations for disability status differ between the SSA and the VA. *See Chambliss*, 269 F.3d at 522 (emphasis added); *see also Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir.1990); *Underwood*, 828 F.2d at 1083; 20 C.F.R. §§ 404.1504, 404.1512(b)(5). "The process by which the Secretary renders a disability determination is *sui generis*." *Johnson*, 894 F.2d at 686. An ALJ may ultimately

disagree with the findings of the VA if the findings and the underlying evidence are considered. *See Chambliss*, 269 F.3d at 522; *see also Kinash v. Callahan*, 129 F.3d 736, 739 (5th Cir.1997); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir.1988). Where the ALJ disagrees with VA's disability findings, there is no reversible error as long as the record reflects consideration of those findings. *See Kinash*, 129 F.3d at 739.

■ In the case at the bar, Welch testified regarding his VA disability rating at his administrative hearing as follows:

ATTY: Did you apply for disability to the veterans administration?

CLMT: yes sir.

ATTY: And what percent disability were you granted?

CLMT: 100.

ATTY: And what was that—

CLMT: Total of 100 cumulative.

ATTY: OK and what was that based on?

CLMT: Primarily on the heart problem, and part of it was on rheumatoid arthritis, a very minor part.

ATTY: And so how long have you had that 100 percent VA—

ALJ: Counsel how is that material to our case?

ATTY: I believe it has some effect on it, your honor.

ALJ: Well, I don't think it does. Regulations indicate it doesn't.

ATTY: How long have you had this VA disability[?]

CLMT: About a year and a half, something like that.

(R. 469–470). Record evidence submitted at the hearing by Welch reflects a 70% VA disability determination dated July 3, 2002, which is based on 60% valvular heart disease (service connected) and 10% degenerative arthritis (service connected). (R.

342). Additionally, evidence submitted at the hearing indicates that on September 10, 2001, the Texas Workers' Compensation Commission assigned a 30% "whole body impairment rating" to Welch. (R. 62).

Although the ALJ does mention in his decision Welch's hospitalization and treatment at VA facilities, he does not expressly or implicitly discuss the VA disability rating, albeit 70% or 100%. (R. 12–22). The validity of the ALJ's decision must stand or fall with reasons detailed in the ALJ's decision, as adopted by the Appeals Council. *See Newton*, 209 F.3d at 455. Based on the exchange between Welch's counsel and the ALJ at the administrative hearing regarding the VA disability determination and the ALJ's failure to discuss the same in his decision, it appears that the ALJ totally disregarded Welch's VA disability determination; this constitutes reversible error.

The Commissioner's argument that the evidence does not support a finding of a 100% disability rating but, instead, only a 70% rating is not dispositive of the legal issue—*i.e.*, the ALJ was required to consider Welch's VA disability rating—whether it was 100%, 70%, or otherwise. *See Kinash*, 129 F.3d at 739; *Underwood*, 828 F.2d at 1083. Likewise, the Commissioner's assertion that procedural perfection is not required is inapplicable to the case at the bar, as the ALJ committed a legal error by failing to consider Welch's VA disability rating. It is not appropriate for this Court to reweigh the evidence and then substitute its judgment for that of the Commissioner. *See Masterson*, 309 F.3d at 272. As such, this matter must be remanded to the ALJ for a supplemental hearing to consider Welch's VA disability rating.

### III. *Conclusion*

It is, therefore

ORDERED that Welch's Motion for Summary Judgment (Docket Entry No. 22) is **GRANTED**. It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment (Docket Entry No. 23) is **DENIED**. It is finally

**ORDERED** and the case is **RE-VERSED** and **REMANDED**, pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a new hearing.

### FINAL JUDGMENT

In accordance with the Memorandum and Order issued this day, it is hereby

**ORDERED** that Plaintiff Robert Welch's Motion for Summary Judgment (Docket Entry No. 22) is **GRANTED.** Further, it is

**ORDERED** that the Defendant Jo Anne B. Barnhart's, Commissioner of the Social Security Administration ("Commissioner"), Motion for Summary Judgment (Docket Entry No. 23) is **DENIED.** It is finally

**ORDERED** that this case is **RE-VERSED AND REMANDED** to the Commissioner, pursuant to "sentence four" of the Social Security Act, 42 U.S.C. § 405(g).

This is a **FINAL JUDGMENT.**