United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-51408
Summary Calendar

DIANA SEINERA,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-
Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-178-RP
--------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Diana Seinera appeals from the district court's denial with prejudice of her social security

disability complaint. See 42 U.S.C. § 405(g). Seinera argues that the record does not contain

substantial evidence to support the Administrative Law Judge's (ALJ) finding that she was not

disabled. She further argues that the ALJ improperly evaluated her credibilty. Finally, Seinera argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the ALJ failed to determine whether she could maintain employment in accordance with <u>Watson v. Barnhart</u>, 288 F.3d 212 (5th Cir. 2002).

This court reviews the Commissioner's decision for whether substantial evidence in the record supports the decision and whether the Commissioner applied the proper legal standard. <u>Greenspan v. Shalala</u>, 38 F.3d 232, 236 (5th Cir. 1994). Substantial must be more than a mere scintilla, but it need not be a preponderance. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987). In applying this standard, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995).

As part of her challenge to a lack of substantial evidence to support the ALJ's finding, Seinera contends that the ALJ's findings were inconsistent. Her argument is without merit. The record is replete with evidence supporting the ALJ's decision that Seinera was not disabled and could find employment as a real estate receptionist or clerk. Substantial evidence supporting the ALJ's determination exists in the form of testimony by two vocational experts, a medical expert's testimony, and medical evidence taken over the period of alleged disability. <u>See</u> <u>Fraga</u>, 810 F.2d at 1302.

Similarly, Seinera's challenge to the ALJ's credibility finding is not supported by the record. The ALJ found, and medical records and testimony establish, that although Seinera complained that her memory loss was severe and disabling, the extent of Seinera's complaints did not rise to a level of impairment recognized by the Social Security Administration as a disabling condition. <u>See</u> <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2000).

Finally, Seinera's argument that the ALJ failed to properly consider whether she could maintain employment in accordance with

<u>Watson</u> is unavailing.  Seinera does not assert that her back and memory conditions are intermittent in nature.  <u>Cf.</u>, <u>Frank v. Barnhart</u>, 326 F.3d 618, 619 (5th Cir. 2003).  Accordingly, the judgment of the district court is AFFIRMED.