

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# Mayes v. Social Security Admn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mayes v. Social Security Admn" (2006). *2006 Decisions*. Paper 625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5055

———————

NORMAN MAYES,
Appellant

v.

SOCIAL SECURITY ADMINISTRATION

———————

On appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-01517)
District Judge: Honorable Clifford Scott Green

———————

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 1, 2006
Before: SLOVITER, SMITH AND VAN ANTWERPEN, Circuit Judges

(Filed: August 2, 2006 )

———————

OPINION OF THE COURT

———————

PER CURIAM

Norman Mayes challenges the denial of his application for Supplemental Security Income

("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. This case has a

protracted history spanning over nine years and including three hearings before an Administrative

Law Judge ("ALJ").[1] Mayes filed the underlying application in 1993, claiming that he was

_____

[1]As the parties are familiar with the procedural history, we find it unnecessary to
recite it fully here.

unable to work due to pain and arthritis stemming from gunshot wounds to his face and neck sustained in the early 1970's, as well as sinusitis and nasal congestion. At that time, Mayes was 44 years old and had a tenth-grade education. After the most recent hearing, held on October 4, 2002, the ALJ issued a decision finding that Mayes was not disabled. Mayes sought review of this decision in the District Court. The District Court granted summary judgment in favor of the Commissioner in an order entered on September 21, 2005. Mayes appeals from that order, proceeding pro se.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Although our review of the District Court's grant of summary judgment is plenary, we may reverse that judgment only if we find that the ALJ's findings were not supported by "substantial evidence" in the record. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is less than a preponderance but more than a scintilla; it is "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. See id. (internal citations omitted).

To be eligible for SSI benefits, an applicant must show that he or she is "disabled" by demonstrating the existence of a severe impairment which makes the applicant unable to do his or her past relevant work or any substantial gainful work that exists in the national economy. See Burns, 312 F.3d at 119. An ALJ employs a five-step sequential test in making a determination as to disability. See id. at 118-19; 20 C.F.R. § 416.920(a). Our discussion focuses on the fourth and fifth steps. At the fourth step, the ALJ determines the claimant's "residual functional capacity," which is defined as "the most [a claimant] can do despite [his] limitations." See 20 C.F.R. § 416.945(a)(1). If the claimant demonstrates an inability to do past relevant work or if no past relevant work exists, step five requires the ALJ to show that the claimant can perform "other work" existing in the national economy. See Burns, 312 F.3d at 119. "Other work"

2

consists of jobs that exist in significant numbers in the national economy that a claimant can perform given his age, education, past work experience, and residual functional capacity. See id.

After reviewing the medical evidence in the record and Mayes' testimony about his impairments, the ALJ concluded that Mayes had a residual functional capacity to perform light work[2] as long as he was not exposed to damp or cold environments, or required to turn his head frequently from side to side or reach above shoulder level. Mayes argues that the ALJ did not adequately account for all of his symptoms, including the fact that his sinus condition and neck pain are triggered by wet or cold weather. We disagree. Although the ALJ considered Mayes' testimony about his pain and other impairments, she found Mayes' claim that his pain prevented him from working not credible, as it conflicted both with his testimony about his daily activities and with his treatment records, which showed that he was being treated conservatively.[3] The ALJ also noted that Mayes' practice of not going out into bad weather was a self-limiting regimen rather than one prescribed by doctors or supported by objective medical evidence. Although consideration must be given to a claimant's complaints of pain, see Smith v. Califano, 637 F.2d 968, 972 (3d Cir.1981), such complaints are not conclusive evidence of disability. See 42 U.S.C. § 423(d)(5)(A). See also Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (considerable deference is granted to an ALJ's assessment of the disabling nature of a claimant's pain).

After finding that Mayes had no relevant past work, the ALJ proceeded to the fifth, and final, step of the disability determination process. Based on testimony from a vocational expert

---

[2]"Light work" involves "lifting no more than 20 pounds at a time" and "frequent lifting or carrying of objects weighing up to 10 pounds." See 20 C.F.R. § 404.1567(b).

[3]Mayes testified that he lived alone, cooked, cleaned, did laundry, took public transportation, and was pursuing a high school diploma through a correspondence course. He further stated that he generally had no trouble walking, standing, or sitting, and that he could lift between 20 and 25 pounds.

("VE") that a person with Mayes' impairments could perform assembler, inspector, and office clerk jobs, which existed in the thousands in both the regional and national economies, the ALJ found that Mayes was not "disabled" as defined by the Social Security Act.

Mayes argues that he was denied due process by virtue of his lack of counsel at the hearing. An SSI claimant has a due process right to a hearing that is fundamentally fair. See Richardson v. Perales, 402 U.S. 389, 401 (1971). A claimant also has a statutory right to be represented by counsel at the hearing. See 42 U.S.C. § 406(a). We disagree with Appellee that Mayes' failure to obtain counsel constituted an "effective waiver" of this right. To the contrary, Mayes' request for a second continuance in order to find counsel signals his intent to invoke this right. Nonetheless, Mayes' lack of counsel, on its own, is not a sufficient ground for a remand, which is only appropriate if Mayes can show that he was prejudiced. See Domozik v. Cohen, 413 F.2d 5, 9 (3d Cir. 1969). We agree with Appellee that Mayes cannot make this showing. An ALJ has a heightened duty to develop the record when a claimant is pro se. See, e.g., Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). The ALJ fulfilled this duty, through sometimes Herculean efforts. Over the course of three hearings and as many subpoenas, the ALJ secured the treatment notes of Mayes' treating physician, Dr. Hankins. The ALJ also obtained the medical opinions of two consulting physicians and elicited extensive testimony from Mayes regarding his claims. Further, the ALJ compensated for the absence of a counseled challenge to the VE's testimony by asking Mayes whether there was any reason he would not be able to perform any of the suggested jobs. See Trn. 500. In response, Mayes merely reiterated his previous statements to the effect that bad weather could interfere with his ability to arrive at *any* job on time. See id. In view of the complete record, including testimony and medical evidence from three hearings, we conclude that Mayes' hearing was fundamentally fair despite his lack of

4

counsel.

Mayes' final argument, that he was entitled to a presumption that he was disabled because he had received benefits prior to being incarcerated, is without merit. Mayes' nine years of imprisonment acted to suspend, then terminate, his benefits. <u>See</u> 20 C.F.R. §§ 416.1325, 1335.

Because we conclude that the ALJ's decision is supported by substantial evidence, we will affirm the judgment of the District Court.