IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-50310
Summary Calendar

MARIA P. QUIJAS

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-00062-RPM

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maria P. Quijas appeals a judgment affirming the Social Security Commissioner's denying her claim for disability benefits.

In applying for disability-insurance benefits and social-security income, Quijas claimed disability due to headaches, depression, anxiety, sleep problems,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stress, nervousness, fatigue, memory and concentration problems, and mood swings. After her application was denied initially and on reconsideration, Quijas received an administrative hearing. The Administrative Law Judge (ALJ) denied the application, and the Social Security Appeals Council denied Quijas' request for review, affirming the ALJ's decision as the final decision of the Commissioner.

Quijas sought judicial review of the administrative decision. The district court affirmed.

Quijas claims: (1) the ALJ failed to properly evaluate Quijas' mental impairment; (2) the ALJ's findings are not supported by substantial evidence; (3) the ALJ erred in finding that Quijas was able to perform her past relevant work; and (4) the ALJ erred in not finding Quijas disabled under the medical vocational guidelines.

The Commissioner's decisions are reviewed "only to ascertain whether (1) [they are] supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence". Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted); it must be "more than a scintilla, but less than a preponderance". Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988).

The Commissioner applies the well-known five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520(a); see, e.g., Crowley v. Apfel, 197 F.3d 194, 197-98 (5th Cir. 1999). The plaintiff must establish the first four steps before the burden shifts to the Commissioner, at step five, to show there is other gainful employment in one or more occupations that the claimant is capable of performing in spite of her existing impairments. E.g., Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). If the Commissioner meets this burden, the plaintiff must prove she cannot perform the alternate work. Id. "A finding

that the claimant is not disabled at any step is conclusive and ends the inquiry." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002) (citing Greenspan v. Shalala, 38 F.3d 232, 235 (5th Cir. 1994)).

The ALJ found Quijas met her burden under the first step because she had not engaged in substantial gainful activity since 2004. For the next three steps, the ALJ concluded: (1) although Quijas had severe impairments in the form of arthritis and obesity, her mental impairment was not severe; (2) her impairments did not qualify as any of the listed impairments; and (3) Quijas retained a residual functional capacity (RFC) to perform a slightly limited range of medium work. Quijas' claim failed at step four of the sequential evaluation.

Quijas asserts her mental impairment was not properly evaluated because the ALJ failed to develop the record and relied solely on the opinions of non-examining physicians. Quijas' examining physician, Dr. Fernandez, diagnosed her with a single episode major depressive disorder. Quijas told Dr. Fernandez she was able to perform her basic daily activities. Dr. Fernandez concluded Quijas demonstrated variable concentration, weak recall, and mild weakness in practical judgment and verbal abstract reasoning. Dr. Fernandez attributed some of Quijas' deficits to her limited education. Dr. Fernandez suggested additional testing might be necessary to rule out borderline intellectual functioning and learning disability. Relying on Dr. Fernandez' report and other medical evidence, the non-examining physicians concluded Quijas' mental impairments were not severe. After examining all the evidence, including Dr. Fernandez' report, the ALJ determined Quijas' mental impairment of depression was not severe. The ALJ's decision is supported by substantial evidence.

Quijas maintains the ALJ's failure to request additional psychometric testing prejudiced her. Additional testing is required only when the record is inadequate for the ALJ to make a determination. See 20 C.F.R. § 404.1512(e). The ALJ's decision is based on an extensive record, which includes reports from examining physicians Drs. Fernandez and Barahona, and Quijas' medical

records from Centro De Salud Familiar and R.E. Thompson General Hospital. The ALJ properly considered that Quijas had no history of mental health treatment. Leggett v. Chatter, 67 F.3d 558, 566 (5th Cir. 1995) (holding the ALJ did not err by not ordering psychological tests where the record showed the claimant was never treated for alleged anxiety, stress, and depression). The ALJ also extensively questioned Quijas about her education, prior work experience, family circumstances, daily routine, and physical and mental conditions. The record was adequate for the ALJ to conclude Quijas' mental impairments were not severe.

Essentially for the reasons stated by the district court, the ALJ's findings that Quijas (1) retained the RFC for unskilled medium work, and (2) was able to perform her past relevant work are likewise supported by substantial evidence. The ALJ found Quijas had severe impairments in the form of shoulder and back arthritis and obesity, but she could perform a slightly limited range of medium work. The ALJ properly accounted for Dr. Barahona's finding regarding Quijas' limited reaching ability. Dr. Barahona's physical examination did not identify any other physical limitations. The ALJ properly credited Quijas' subjective testimony to the extent it was supported by her medical record. Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (subjective complaints must be corroborated by objective medical evidence). Likewise, the ALJ's conclusion that Quijas was able to perform her past relevant work is supported by Quijas' work history report.

In sum, the ALJ's determination that Quijas is not disabled is AFFIRMED.