# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2014

Lyle W. Cayce
Clerk

FRANK JIMENEZ, JR.,

Plaintiff – Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-1110

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

The plaintiff, Frank Jimenez, brought this case against the defendant, Deutsche Bank (the "Bank"), asserting several claims that challenge the Bank's authority to foreclose on Jimenez's home. The district court granted the Bank's motion to dismiss Jimenez's claims and the Bank's motion for summary judgment on its counterclaims. Jimenez appeals. We AFFIRM the judgment of the district court for reasons we will soon explain.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50403

I.

In 2006, Jimenez obtained a home equity loan with New Century Mortgage Company by executing a promissory note (the "Note") secured by his home. At the same time, Jimenez executed a Home Equity Security Instrument (the "Security Instrument") granting a lien on the property for the benefit of Mortgage Electronic Registration Systems ("MERS"). The Note was securitized by being placed in a trust. According to the terms governing the trust, no mortgages could transfer out of the trust after April 2007. In 2011, the Note and the Security Instrument were assigned to the Bank. The Bank subsequently instituted foreclosure proceedings on Jimenez's home.

In late 2011, Jimenez brought this suit in Texas state court challenging the Bank's standing to foreclose on his home. Jimenez argued that the assignment of the Note was void for a number of independent reasons; the Bank was therefore not a holder of the Note and could not foreclose on the property. The Bank removed the suit to federal court on the basis of diversity jurisdiction. After Jimenez filed his Second Amended Complaint in the district court, the Bank filed a motion to dismiss pursuant to Rule 12(b)(6). The Bank also filed a counterclaim against Jimenez for breach of contract and satisfaction of the Note, seeking an order establishing the amount due under the Note and recognizing its ability to foreclose on the Note. The Bank filed a motion for summary judgment on this counterclaim.

The case was referred to a magistrate judge. In two separate recommendations, the magistrate judge recommended that the Bank's Rule 12(b)(6) and summary judgment motions be granted. The district court judge

2

No. 13-50403

adopted these recommendations nearly in full, and granted both of the Bank's motions.[1] Jimenez now appeals.

II.

A.

Displaying admirable candor, Jimenez concedes in his Reply Brief that the first two issues he raises on appeal – related to his standing to challenge the assignment of the Note – have been decided against his position by this court in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013).[2] The *Reinagel* panel faced allegations identical to those leveled by Jimenez here. It held that the plaintiff lacked standing to challenge an assignment on the grounds argued by the plaintiff, that the assignment violated a trust's governing terms or that the assignment was executed by an unauthorized agent. *Id*. at 226–27.

Jimenez attempts to survive *Reinagel* in two ways. First, he argues that the *Reinagel* court did not address his claim that the assignment was an alleged forgery. *Reinagel*, however, rejected a claim that the assignment was void as a forgery in the face of an identical argument. *Id*. at 227. Second, Jimenez argues that the outcome is different under New York law. As there is no evidence in the record that Jimenez made any argument regarding New York law below (both the district and magistrate judges applied Texas law), we

---

[1] One of the magistrate judge's recommendations was modified in part by the district court. The district court agreed with the outcome, but on slightly different grounds.

[2] *Reinagel* was decided prior to Jimenez filing his initial brief in this court. At that time, however, a petition for rehearing had been filed in *Reinagel*, and Jimenez expressed optimism that upon rehearing, the panel's holding would be favorable to his position. The *Reinagel* panel subsequently issued an amended opinion, but the sole change was the addition of a footnote recognizing additional authority for the panel's position. *Reinagel*, 735 F.3d at 222.

No. 13-50403

need not decide the issue. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) ("As a general rule, this court does not review issues raised for the first time on appeal."). As Jimenez's attempts to distinguish *Reinagel* fail, the judgment of the district court granting the Bank's motion to dismiss must be affirmed.

### B.

Finally, Jimenez raises a challenge to the grant of summary judgment to the Bank on two grounds: (1) the Bank had no authority to foreclose on the Note because the assignment was void; and (2) the Texas Constitution bars recovery of unpaid amounts due on a home equity loan in the form of money damages imposed against the borrower. Jimenez's Reply Brief recognizes that this first argument is foreclosed by *Reinagel* as discussed above. As to the second argument, the Bank concedes in its brief that the Texas Constitution bars recovery of money damages against a borrower on amounts due on a home equity loan, and disclaims any attempt to collect a personal judgment against Jimenez. The parties are thus in agreement that the grant of summary judgment was proper; *Reinagel* provides the Bank with authority to foreclose, and the Bank has neither sought nor received a personal judgment against Jimenez.

### III.

Accordingly, the judgment of the district court granting the Bank's Rule 12(b)(6) motion on Jimenez's claims and granting the Bank's summary judgment motion on its counterclaims is

AFFIRMED.

4