**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SVEN E. SAMPSON, | No. 18-35299 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05359-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted October 8, 2020[**]
Seattle, Washington

Before: GILMAN,[***] CALLAHAN, and CHRISTEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Sven Sampson appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability benefits. We may set aside a denial of benefits only if it is unsupported by substantial evidence or the administrative law judge (ALJ) applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). Because the parties are familiar with the facts, we recount them only as necessary to resolve the arguments on appeal.

1. Sampson contends that the ALJ erred by improperly weighing the medical-opinion evidence. Sampson claims the ALJ improperly rejected the opinion of Dr. Holsman-Casey. We disagree. The ALJ discussed Dr. Holsman-Casey's evaluation in great detail, noting that Dr. Holsman-Casey's opinion was consistent with the findings made by Nurse Tell and Dr. Gross. Sampson argues that the ALJ erred by failing to explain what weight she accorded to Dr. Holsman-Casey. This error was harmless. It is apparent the ALJ gave Dr. Holsman-Casey's opinion significant weight and relied on it throughout her decision because it was consistent with the records from Nurse Tell and Dr. Gross, which supported a finding that Sampson was not disabled.

Sampson also argues the ALJ erred when she gave significant weight to the opinions of Dr. Tanenhaus, a non-treating, non-examining psychiatrist, and

2

to Dr. Clifford, a non-treating, non-examining psychologist, who both testified at his 2013 hearing. The ALJ found Dr. Clifford's and Dr. Tanenhaus's opinions were consistent with other evidence in the record that showed Sampson's continued improvement. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (recognizing that a non-examiner's opinion may amount to substantial evidence "when it is consistent with other independent evidence in the record"). The ALJ erred when she stated Dr. Tanenhaus had heard Sampson's testimony; Dr. Tanenhaus disconnected from the hearing prior to Sampson's testimony. But this error was harmless because the ALJ also based her decision to give significant weight to Dr. Tanenhaus's testimony on the fact that he "had the opportunity to review all of the claimant's mental impairments."

Sampson contends that the ALJ erred by rejecting the VA's August 2013 disability rating. The ALJ gave no weight to the VA's ratings for anxiety and migraines, but cited "persuasive, specific, [and] valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)). Dr. Holsman-Casey opined that Sampson did not meet the diagnostic requirements for PTSD and that his anxiety would not preclude workplace and social interaction. Sampson reported his migraines were only occasional and had no impact on his

3

work.  Given the discrepancies between the VA rating and the objective observations in the record available to the ALJ, the ALJ's treatment of the VA rating was not error.

Sampson argues the ALJ erred by failing to discuss Dr. Horn's 2007 opinion and Dr. Widlan's 2010 opinion.  These opinions predated the relevant period by two years or more, and are thus "of limited relevance." *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1165 (9th Cir. 2008).  The ALJ's failure to discuss Dr. Horn's and Dr. Widlan's opinions was at most harmless error given their remoteness to the relevant period.

Sampson argues that the ALJ misapplied the doctrine of res judicata.  But on remand from the district court, the ALJ did not apply a presumption of non-disability.  The district court's opinion also noted that Sampson had not developed his res judicata argument.  On appeal, he does not do more to articulate it.

2.      Sampson argues the ALJ erred by discounting his testimony describing his subjective symptoms.  The ALJ found Sampson's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms, but provided clear and convincing reasons for discounting Sampson's testimony about his limitations.  In particular, the ALJ cited specific inconsistencies between Sampson's testimony and the symptoms he described to

4

his care providers, and further inconsistencies between his testimony and the daily activities reflected in Sampson's medical records.  This was not error.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).  Similarly, the ALJ gave germane reasons for disregarding the testimony of Sampson's wife.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

3.      Sampson argues the ALJ erred by failing to include all of the limitations described by the physicians in the RFC finding.  The ALJ properly included only the limitations in the RFC that she found credible and supported by the record, so no error occurred.  *See Bayliss*, 427 F.3d at 1217.

**AFFIRMED.**