United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-30615
Summary Calendar

GINA MARIE CLARY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

**Appeal from the United States District Court
for the Western District of Louisiana
(5:05-CV-324)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gina Marie Clary contests a district court decision affirming the Social Security Administration's (SSA) determination that she is *not* disabled. Our review is limited to: whether the administrative law judge (ALJ) used the proper legal standard to evaluate the evidence; and whether the decision is supported by substantial evidence in the record. *E.g.*, **Greenspan v. Shalala**, 38 F.3d 232, 236 (5th Cir. 1994). A finding of insubstantial evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is proper only if no credible evidence or medical findings exist to support the decision. ***Johnson v. Bowen***, 864 F.2d 340, 343-44 (5th Cir. 1988).

Clary asserts the ALJ erred in:  concluding her knee injuries were not "major dysfunction of a joint"; determining she can perform the full range of sedentary work; and rejecting her testimony as *not* credible.

Clary's impairments include a torn meniscus in her left knee, severe osteoarthritis in both knees, and morbid obesity.  She filed applications for disability insurance benefits and supplemental social security income, pursuant to Titles II and XVI of the Social Security Act, respectively.  The ALJ applied the requisite five-step disability evaluation, 20 C.F.R. §§ 404.1567(a) and 416.927(a), to find Clary: (1) has *not* engaged in gainful activity since the alleged onset of disability; (2) has bilateral osteoarthritis and morbid obesity; (3) does *not* have an impairment presumed to create disability; (4) has been unable to perform her past work as a waitress; and (5) retains "the residual functional capacity to perform the full range of sedentary work".  Because she is capable of performing sedentary work, the ALJ concluded Clary was *not* disabled and denied benefits.  The district court affirmed.

In maintaining the ALJ erred in *not* finding her knee injuries constituted "major dysfunction of a joint" for purposes of step three in the five-step evaluation process (impairment presumed to

create disability), Clary relies on 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02 to assert her injuries "meet or equal" the requirements therein. Listing 1.02 (major dysfunction of a joint) states, *inter alia*: a dysfunction is "characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion". 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.

Nothing in Clary's medical reports supports a finding that her knee injuries constitute a gross anatomical deformity. Although evidence in the record may satisfy the limitation-of-motion criteria, Clary has failed to meet her burden of furnishing specific medical evidence showing gross anatomical deformity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (claimant has burden of showing she manifests all Listing 1.02 criteria).

In contending the ALJ's full-range-of-sedentary-work determination is *not* supported by substantial evidence, specifically, she challenges the ALJ's concluding she "has no nonexertional limitations which impact her ability to perform work". Pointing to lumbar flexion and extension ranges provided in one of her medical reports, Clary claims her inability to stoop is a non-exertional limitation impacting her work ability. The medical report Clary cites makes no mention, however, of stooping; and, as the district court made clear, no record evidence indicates

3

Clary has, or ever complained to a physician of, a stooping problem.

Along this line, Clary maintains: because she was *not* represented by counsel before the SSA, the ALJ had a heightened duty to develop the record by exploring all relevant facts; and, had the ALJ fulfilled this duty, he would have discovered Clary's lumbar restrictions were abnormal, possibly preventing her from being able to stoop.

This contention is unavailing. Even assuming, *arguendo*, the claimed ALJ's heightened duty extended to making such contingent diagnostic inferences, Clary concedes the ALJ could *not* have known whether she could never, or only occasionally, stoop. The ALJ would need a consultative medical evaluation to determine this. Our precedent, however, requires such further development of the record "only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment". *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Isolated comments in the record are insufficient, without further support, to raise a suspicion of non-exertional impairment. *Pierre v. Sullivan*, 884 F.2d 799, 802-03 (5th Cir. 1989).

Considering the absence of any medical finding that Clary is incapable of stooping, Clary's failure to ever mention her alleged stooping restrictions to the ALJ or any physician who made a record report, and the SSA finding that stooping is only occasionally

necessary for sedentary work, we conclude the ALJ's decision was supported by substantial evidence.

Next, in contending the ALJ erroneously rejected her testimony as *not* credible, Clary assigns error to the ALJ's *not* expressly considering each of the seven factors discussed in 20 C.F.R. § 404.1529(c)(3) (providing a non-exhaustive list of relevant factors to consider in determining whether an individual is disabled).  As the district court stated, however, Clary does *not* specify any testimony the ALJ discredited, nor does she articulate any prejudice stemming from the ALJ's not addressing each regulatory factor.  ***Hillman v. Barnhart***, 170 Fed.Appx. 909, 913 (5th Cir. 2006) (upholding ALJ ruling, even though ALJ did not address each regulatory factor for claimant's alleged disabling pain).

In denying benefits, the ALJ considered, *inter alia*, numerous medical reports, medical evidence, Clary's testimony, and the testimony of her sister.  Obviously, the evaluation of a claimant's subjective symptoms "is a task particularly within the province of the ALJ".  ***Harrell v. Bowen***, 862 F.2d 471, 480 (5th Cir. 1988) (internal quotations omitted).  The ALJ is *not* required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility.  ***Falco v. Shalala***, 27 F.3d 160, 163 (5th Cir. 1994).  Accordingly, we cannot say the ALJ improperly evaluated Clary's credibility.

***AFFIRMED***