# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2023

Lyle W. Cayce
Clerk

No. 23-30035

Ronnie Williams,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:22-CV-1141

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Ronnie Williams applied for and was denied social security disability benefits by the Commissioner of Social Security. The district court affirmed, finding that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and applied proper legal standards in evaluating the evidence. For the reasons that follow, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30035

## I. Factual and Procedural History

Plaintiff, who is now fifty-four-years-old, applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 13, 2020, and March 30, 2020, respectively. Plaintiff alleged disability beginning on March 10, 2018, due to his degenerative disc disease, diabetes mellitus, hypertension, obstructive sleep apnea, obesity, post-traumatic stress disorder, anxiety, and depression. On August 3, 2021, the ALJ held an administrative hearing on Plaintiff's applications. At that hearing, Plaintiff, his attorney, and a vocational expert appeared. On August 18, 2021, the ALJ issued a decision finding Plaintiff not disabled.

Plaintiff sought Appeals Council review of the ALJ's decision, which was denied. Accordingly, the ALJ's August 18, 2021, decision stands as the Commissioner's final administrative decision, subject to judicial review. The adjudicated period here begins with the alleged disability onset date (March 10, 2018) and ends on the date of the ALJ's decision (August 18, 2021).

On April 26, 2022, Plaintiff filed a complaint seeking judicial review before the district court. The magistrate judge issued a Report and Recommendation affirming the Commissioner's decision. Over the objection of Plaintiff, the district judge adopted the Report and Recommendation and issued a judgment on December 9, 2022, affirming the Commissioner's final decision. Plaintiff subsequently appealed.

## II. Standard of Review

Our review of the ALJ's determination is both highly deferential and limited. *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). Review is limited to whether the decision is supported by "substantial evidence" and whether the correct legal standards were applied. *Id.* at 461; 42 U.S.C. § 405(g). We may not reweigh the evidence, substitute our own judgment, or

No. 23-30035

resolve conflicts of evidence. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986).

## III. Discussion

This appeal mostly centers around the weight afforded by the ALJ to various medical opinions in making a determination that Plaintiff was not disabled under the Social Security Act ("SSA"). To qualify for DIB and SSI, a claimant must suffer a disability. *See* 42 U.S.C. § 423(d)(1)(A). The SSA defines a "disability" as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity." *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 42 U.S.C. § 423(d)(1)(A)). The Commissioner employs a sequential five-step process to determine whether a claimant is disabled within the meaning of that Act, as follows:

> "(1) whether the claimant is engaged in substantial gainful activity, (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment meets or equals one of the listings in the relevant regulations, (4) whether the claimant can still do his past relevant work, and (5) whether the impairment prevents the claimant from doing any relevant work."

*Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *2 (5th Cir. June 14, 2023) (quoting *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021)).

"[T]he claimant bears the burden of proof with respect to the first four steps of the analysis." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)). "If the claimant advances that far, the burden shifts to the Commissioner to 'prove the claimant's employability.'" *Webster*, 19 F.4th at 718 (quoting *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021)). And "[i]f at any step the Commissioner finds that the claimant is or is not disabled, the ALJ need not continue the

analysis." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)). Here, the ALJ proceeded through all five steps and determined that Plaintiff was not disabled within the meaning of the SSA during the relevant time period.

On appeal, Plaintiff first challenges the ALJ's finding that "other jobs were available to [Plaintiff]" alleging such a finding was "not supported by substantial evidence because the limitations were derived from non-examining sources instead of from examining sources," which Plaintiff contends was "in violation of 20 C.F.R. 404.1520c." As explained below, Plaintiff's argument reflects a misunderstanding of the revised regulatory framework governing his claims—i.e., disability claims filed on or after March 27, 2017.[1]

Under prior Social Security regulations, a hierarchy of medical opinions dictated the weight that must be given by the ALJ tasked with deciding whether a claimant is disabled. 20 C.F.R. § 404.1527(c)(2). Treating physicians and other examining physicians were generally given the most weight while non-examining physicians were generally given the least

---

[1] This misunderstanding is also reflected in the record below. Back at the district court, citing the old regulation, Plaintiff made the same argument that the ALJ's reliance on non-examining sources was error. The district court correctly found that while the pre-2017 regulation "generally states that the SSA [must] give[] 'more weight to the medical opinion of a source who has examined [a claimant] than to the medical opinion of a medical source who has not," the old regulation did not apply to Plaintiff's claims because it "applies only to claims filed before March 27, 2017." Plaintiff's earliest claim was filed on March 13, 2020. Because of that later filing date, Plaintiff's claims were governed by the revised regulatory framework applicable to disability claims. On appeal, Plaintiff cites the correct regulation this time, but he makes the same argument that still substantively tracks the pre-2017 regulation.

weight.[2] *See id.*; *Hillman v. Barnhart*, 170 F. App'x 909, 912-13 (5th Cir. 2006).

On January 18, 2017, the Social Security Administration promulgated new regulations applicable to disability claims filed on or after March 27, 2017, found at 20 C.F.R. §§ 404.1520c and 416.920c, "revising . . . the rules regarding the evaluation of medical evidence." *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). As other courts have recognized, "[t]he new rules were expressly adopted pursuant to the . . . Commissioner's statutory authority, *see* 42 U.S.C. § 405(a), and following formal notice-and-comment proceedings." *Rogers v. Kijakazi*, 62 F.4th 872, 877 (4th Cir. 2023). These new regulations eliminate the old hierarchy of medical opinions, no longer provide for any inherent or presumptive weight, and do away with the examining and non-examining physician terminology. *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018).

Instead, in determining "what weight, if any, to give a medical opinion," the ALJ must consider five separate factors: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. §§ 404.1520c(c). While, under the new regulatory framework, a medical source's "treatment relationship" with a claimant is a factor considered when assessing the persuasiveness of medical opinions, no controlling or deferential weight attaches to any medical opinion as a matter of course. *See* Rescission of Social Security Rulings 96–2p, 96–5p, and 06–3p, 82 Fed. Reg. 15263, 15263 (Mar. 27, 2017). Instead, the persuasiveness of any medical source's opinion—whether that source is a treating, examining, or non-examining physician—depends most significantly on whether the

---

[2] These regulations still apply to disability claims filed before March 27, 2017.

opinion is *supported* by objective medical evidence and the source's own explanation of the opinion (i.e., the first factor) and the opinion is *consistent* with other evidence provided by medical sources of record (the second factor). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Said simply, under the new regulatory scheme, consistency and supportability are "the most important factors" considered. *Id.* § 404.1520c(b). In addition to the medical source's treating relationship, other lesser factors considered include a medical source's specialty, "familiarity with the other evidence in the claim" record, and "understanding of [the SSA's] disability program's policies and evidentiary requirements." *Id.* §§ 404.1520c(c)(4)-(5), 416.920c(c)(4)-(5).

Despite this new framework, citing our caselaw, Plaintiff asks us to reverse the district court because the ALJ did not, as a matter of course, give the most weight to opinions of examining physicians. The cases cited in support by Plaintiff are not in the context of claims filed after March 27, 2017, and, accordingly, reflect the old regulatory framework. *See, e.g.*, *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017). That framework is simply not applicable to Plaintiff's claims because his earliest claim was undisputedly filed on March 13, 2020. Absent something more, Plaintiff's alleged assignment of error—that the ALJ did not give more weight to the opinions of examining physicians—is without merit.[3]

---

[3] In a final attempt to add the old examining and non-examining physicians' framework back into the new regulatory framework applicable to his claims, Plaintiff misstates 20 C.F.R. § 404.1520c(c)(v) for the proposition that "Social Security recognizes that a medical source *has* a better understanding of your impairment if he or she examines you than if the medical source only reviews evidence in your folder." But the regulation in reality reads: "A medical source *may* have a better understanding of your impairment(s) if he or she examines you than if the medical source only review evidence in your folder." 20 C.F.R. § 404.1520c(c)(v) (emphasis added).

Plaintiff next argues that "[t]he error in this case specifically revolves around the fact that the ALJ does not explain why a medical source that did not examine the claimant at all is more supported than a medical source that did examine the claimant." The new regulatory framework applicable to Plaintiff's claims alters the SSA's requirement that ALJs must explain the reasons for favoring one medical source opinion over another. Under the new framework, while ALJs must "articulate how [they] consider[ed] medical opinions" from all medical sources, such articulation need only explain how the supportability and consistency factors were considered. 20 C.F.R. § 404.1520c(b)-(c). Only if differing medical opinions are "equally well-supported" (the first factor) and "consistent with the record" (the second factor) must the ALJ articulate how he considered, inter alia, the relationship between the medical source and the claimant (the third factor). *Id.* § 404.1520c(b)(3), (c). Here, the ALJ did not find the differing medical opinions equally well-supported and consistent with the record—both findings that Plaintiff does not actually challenge on appeal. The ALJ was not required to explain how he considered the relationship between the medical sources and the claimant. 20 C.F.R. § 404.1520c(c).

Finally, and on a separate note, Plaintiff makes the conclusory argument that the ALJ's rejection of "Dr. Dennis' exam on the basis that he did not perform a standard mental health exam . . . is simply not accurate as the report states that a tele-health exam was performed." We fail to see how the notation that a telehealth examination was performed means the ALJ's finding that Dr. Dennis failed to perform a standard mental health examination was "simply not accurate." Plaintiff offers no further explanation in his briefing. Because Plaintiff's briefing on this issue is inadequate, he forfeited the argument. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 n.1 (5th Cir. 2021).

No. 23-30035

## IV. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.