# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-51095
Summary Calendar

NATHAN J VAUGHT, JR

Plaintiff-Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-227

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nathan Vaught applied for disability insurance benefits pursuant to the Social Security Act. The Commissioner of the Social Security Administration (Commissioner) denied his application for benefits initially and on reconsideration. Vaught sought and received a hearing before an administrative law judge (ALJ) in May 2004. Vaught, who had legal representation, testified at the hearing, as did a vocational expert and a medical expert. The ALJ denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vaught's application for benefits. The Appeals Council denied Vaught's request for review of the ALJ's decision. Vaught then sought review in the federal district court.[1] A magistrate judge recommended that the ALJ's decision should be affirmed. Vaught timely objected, and the district court reviewed the magistrate's report de novo. The district court agreed with the magistrate and affirmed the ALJ's decision. Vaught appealed. We affirm.

I

Our "review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence."[2] We have explained that

> "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve."[3]

The ALJ reviewed Vaught's claim under the familiar five-step analysis,[4] and concluded that Vaught foundered on step five.

The ALJ determined that Vaught "has the residual functional capacity to perform and maintain a limited range of 'sedentary' work," and that "[t]here exist in significant numbers in the national economy other (unskilled) jobs that [Vaught] can perform, including the following: food/beverage order clerk . . . ; charge account clerk . . . ; and document preparer . . . ." Thus, the ALJ

---

[1] See 42 U.S.C. § 405(g).

[2] Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).

[3] Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000) (quoting Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995) and Fraga v. Brown, 810 F.2d 1296, 1302 (5th Cir. 1987)) (citations omitted).

[4] See 20 C.F.R. § 404.1520.

determined that "[Vaught] was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." As such, Vaught "is not entitled to a period of disability or disability insurance benefits under . . . the Social Security Act."

II

Vaught challenges the ALJ's decision on four grounds: (1) the ALJ failed to consider and discuss the medical examination done by Dr. Pushpavath Motaparthi of the Department of Veteran Affairs (VA); (2) the ALJ disregarded the VA's disability determination; (3) the ALJ's residual function capacity determination was in error; and, (4) the hypotheticals the ALJ gave to the vocational expert were inconsistent with Vaught's medical limitations. Both the magistrate and the district court admonished Vaught for making only conclusory allegations of error; yet, in this appeal, Vaught has done so again. Nevertheless, we conclude that he has not abandoned all of his claims because of inadequate briefing.[5]

First, Vaught contends that the ALJ did not consider the examination of him performed by Dr. Motaparthi of the VA; he bases his argument on the fact that the "ALJ did not mention the actual VA medical examination that supported the [VA] disability rating." An examination of the ALJ's decision, however, reveals that the ALJ did consider Vaught's VA medical records, which includes Dr. Motaparthi's report. Moreover, the ALJ specifically discussed the VA's disability determination, which specifically relied on, among other medical evidence, Dr. Motaparthi's examination; thus, the ALJ necessarily considered Dr. Motaparthi's conclusions. Vaught's reliance on Welch v. Barnhart is misplaced, because there the district court concluded that "it appears that the

---

[5] "A party who inadequately briefs an issue is considered to have abandoned the claim." Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Vaught is not a pro se litigant.

ALJ totally disregarded Welch's VA disability determination."[6] It is clear that the ALJ considered Vaught's VA medical records, and we find no reversible error in the ALJ's failure to discuss Dr. Motaparthi specifically.[7]

Next, we consider Vaught's claim that the ALJ "disregarded" the VA disability rating. We have explained that

> [a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ. . . . Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.[8]

The ALJ did take account of the VA's disability rating, but explained that the relevant VA's regulations were inconsistent with the Social Security regulations. The ALJ concluded, therefore, that it could not give "significant weight" to the VA disability rating. The ALJ went on to explain that it was giving "greater weight" to the "other evidence including the actual VA medical records." Vaught does not explain why the ALJ's reasons for not giving the VA disability determination greater weight were erroneous, and therefore leaves us with no basis upon which to find error.[9]

---

[6] 337 F. Supp. 2d 929, 936 (S.D. Tex. 2004) (emphasis added).

[7] See Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007) ("'Procedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" quoting Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988)); Falco v. Shalala, 27 F.3d 160, 163-64 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

[8] Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam).

[9] See Kinash v. Callahan, 129 F.3d 736, 739 (5th Cir. 1997) ("The record reflects that the Commissioner considered both of the agencies findings and the evidence underlying each. The Commissioner chose to disagree with those findings. This alone is not reversible error.").

Third, Vaught challenges the ALJ's residual function capacity determination. Specifically, Vaught says that the ALJ "did not relate the treating sources medical evidence to Vaught's ability to work as established by Dr. Allred." However, given that the ALJ discussed some of Dr. Allred's findings, we are not persuaded this is so. In the end, the ALJ was persuaded by Dr. Taubert's analysis of the evidence and his conclusion that Vaught can perform "sedentary" work; we are not, therefore, confronted with a situation where the ALJ has rejected an uncontroverted medical opinion.[10] Vaught offers no argument as to why the ALJ erred in crediting Taubert's opinion, and as it is for the ALJ to weigh the competing evidence,[11] we find no error.

Vaught further contends that the ALJ "failed to reconcile the differences between Dr. Beal and Dr. Wright," which led to an untrue "picture of Vaught's functional limitations." Vaught fails completely to elaborate on this argument, and the contours of it are not readily apparent. He does not say what the differences are. Nor does he explain how these differences actually affected the ALJ's weighing of the evidence. In short, he leaves us to conjure error, which we will not do.[12] We deem the argument abandoned.

Finally, Vaught claims that the ALJ failed to incorporate the VA evidence and Dr. Allred's opinion into the hypotheticals he presented to the vocational expert. We have explained that

---

[10] Compare Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000) ("This is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another. Nor is this a case where the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." (citations omitted)).

[11] See Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988) ("It is, of course, for the Secretary to decide what weight to accord various medical reports.").

[12] See Brock v. Chater, 84 F.3d 726, 729 (5th Cir. 1996) ("We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges.").

> Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand.[13]

Again, Vaught offers only a bare assertion of error. His argument amounts to a disagreement with the ALJ's residual function capacity determination, but that determination was supported by substantial evidence. Vaught does not contend that the ALJ's questions failed to reasonably incorporate the disabilities recognized by the ALJ, or that the hypotheticals were inconsistent with the ALJ's findings.[14] Moreover, the ALJ provided Vaught with the opportunity at the hearing to question the vocational expert; that is, Vaught could have corrected any errors in the hypotheticals, or added additional disabilities, during the hearing.[15] We find no reversible error.

AFFIRMED.

---

[13] Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994).

[14] Compare id. ("The ALJ specifically found that Bowling had 'the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for no lifting of more than 20 pounds.' The hypothetical question posed to the vocational expert, however, assumed that Bowling 'could occasionally lift and carry 50 pounds' and 'could frequently lift and carry 20 pounds.'"); id. at 437 ("Therefore, in addition to the mischaracterization of Bowling's lifting capacity, the ALJ, when posing the hypothetical question, also misrepresented the actual condition of Bowling's kidneys.").

[15] See id. at 436 (explaining that "[the claimant] was never given any 'real' opportunity to correct any defects in the hypothetical").