# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30339
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

Lyle W. Cayce
Clerk

MEGAN A. DISE,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. 2:12-cv-02341-PM

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

      Megan Dise appeals the denial of her application for supplemental security income benefits based on disability. Because the Commissioner's decision was based on substantial evidence and the proper legal standards, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30339

## I.     BACKGROUND

Dise began receiving supplemental security income benefits based on disability as a child.  When she turned eighteen on June 1, 2009, the Social Security Administration re-determined her eligibility under the rules for evaluating disability in adults and found that she was no longer disabled.  Dise then presented her claims before an administrative law judge (ALJ) at a hearing on March 24, 2011, and at a supplemental hearing on August 3, 2011.

Following these hearings, the ALJ found that Dise was not disabled under the Social Security Act because, "considering [her] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Her subsequent request for appellate review was denied.

Having exhausted her administrative remedies, Dise filed suit in federal district court for review of the Commissioner's decision.  The district court affirmed the ALJ's decision and dismissed Dise's case with prejudice.  She now appeals.

## II.     STANDARD OF REVIEW

"Our review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation and internal quotation marks omitted).  Substantial evidence is more than a mere scintilla, less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citation and internal quotation marks omitted).  In applying this standard, we "may not reweigh the evidence or substitute [our] judgment for the Commissioner's." *Id.* (internal citation omitted).

2

No. 15-30339

## III.   DISCUSSION

The ALJ evaluates disability claims under the Social Security Act through a sequential five-step process: (1) whether the claimant is currently working; (2) whether the claimed impairment can be classified as severe; (3) whether the impairment meets or equals an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can perform her past relevant work; and (5) whether the claimant can perform other substantial gainful activities. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).   The claimant bears the burden of proof on the first four steps, but on the fifth step, the burden shifts to the Commissioner. *Perez*, 415 F.3d at 461.

Dise makes the following arguments on appeal: (1) the ALJ erred at step two by not acknowledging her diagnosis for depression; (2) the ALJ's error at step two created error at step three because the ALJ omitted her depression impairment from the analysis; (3) the ALJ erred in determining her residual functional capacity; (4) the ALJ erred at step five by asking the vocational expert a defective hypothetical question; and (5) the ALJ improperly applied the Medical-Vocational Guidelines at step five.   We address each contention in turn.

### A.

At step two in the analysis, the ALJ found that Dise suffers from a severe mental impairment—Oppositional Defiant Disorder (ODD).   The ALJ then proceeded to steps three, four, and five.   Dise argues that the medical evidence supports the presence of an additional medically determinable impairment— depression—and the ALJ erred in failing to apply the non-severity standard from *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), to that impairment.   The Commissioner argues that, because the ALJ proceeded to step five of the analysis, any failure to find an additional impairment severe at step two does not justify remand.   We agree.

3

No. 15-30339

This case does not present the error found in *Stone* because Dise's request for benefits was not denied based on an improper determination of "non-severity" at step two. The ALJ specifically cited the *Stone* standard in finding that Dise's ODD constitutes a severe impairment. The remainder of the opinion clearly reflects that the ALJ considered all of Dise's claimed impairments (including depression) in his assessment of Dise's disability, even though he only mentioned ODD at step two. In short, "this case did not turn on whether or not [Dise's depression] impairment was severe," but on subsequent steps in the analysis—"an inquiry unaffected by the test set forth in *Stone*." *See Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987). Thus, Dise's *Stone* argument "is irrelevant to the disposition of [her] case." *Id.*; *see also Shipley v. Sec'y of Health & Human Servs.*, 812 F.2d 934, 935 (5th Cir. 1987).

**B.**

At step three in the analysis, the ALJ concluded that the severity of Dise's mental impairment does not "meet or medically equal the criteria of listing 12.08" in 20 C.F.R. Part 404, Subpart P, Appendix 1. Dise argues that the ALJ erred by not also evaluating Dise's depression under listing 12.04.[1] The Commissioner argues that any error by the ALJ in not discussing listing 12.04 was harmless. Again, we agree.

Dise's argument relies heavily on a report issued by Dr. Boulos, a state agency medical consultant. As part of that report, Dr. Boulos completed a Psychiatric Review Technique form; on that form Dr. Boulos identifies "Affective Disorders" under listing 12.04 and "Personality Disorders" under

---

[1] Dise did not raise her step three argument before the district court, and therefore she cannot assert it now for the first time on appeal. *See Chaparro*, 815 F.2d at 1011. Regardless, her argument fails for the reasons explained herein.

listing 12.08 as bases for his medical disposition conclusion. The ALJ's opinion evaluates Dise's entitlement under listing 12.08 at step three, but never mentions listing 12.04.

However, any error in failing to specifically address listing 12.04 at step three was harmless. "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citation and internal quotation marks omitted). Furthermore, procedural improprieties constitute a basis for remand only when the improprieties cast into doubt the existence of substantial evidence to support the ALJ's decision. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Dise's substantial rights have not been affected here. To qualify under listing 12.04, the regulations require "marked" or "repeated" limitations in two of the four areas identified in paragraph B. However, the very report on which Dise relies—Dr. Boulos's evaluation—specifically states that Dise does not meet the degree of limitation required for any of the four paragraph B areas. Further, the ALJ explicitly relied on Dr. Boulos's report, and his decision as to listing 12.08 was based on the very same form. Thus, the ALJ committed no error warranting remand at step three.

### C.

The ALJ determined that Dise has "the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitation[]: she must avoid concentrated interaction with the general public, coworkers, and supervisors." Dise claims that this finding is erroneous because the ALJ failed to consider all of Dise's mental impairments and ignored relevant expert evidence. We disagree.

The ALJ is responsible for determining an applicant's residual functional capacity. *See* 20 C.F.R. § 404.1546(c). Here, the ALJ carefully summarized and considered the relevant testimony and medical reports (including evidence

of depression and general anxiety disorder) and explained how he weighed the evidence. In doing so, the ALJ accorded substantial weight to the state agency medical consultants, Drs. Boulos, Kahler, and Haag. In the section entitled "Functional Capacity Assessment," Dr. Boulos's report concluded that Dise "retains the abilities to understand, remember & carry out simple instructions; make decisions; attend & concentrate for extended periods; to appropriately interact with coworkers & supervisors & adapt to routine changes in work setting." Dr. Kahler reviewed Dr. Boulos's report and affirmed its findings. Dr. Haag concluded that Dise's memory and concentration were not impaired, that her cognitive function was average, that she could follow simple instructions, and that she is capable of managing her finances. He further noted that "[i]n a typical work setting I would expect her to be significantly impaired in social functioning only and would need to find employment that minimized her interactions with others."

The ALJ also properly explained that it accorded no weight to other reports because they were either based solely on subjective complaints by Dise, rendered by an unqualified counselor, or were otherwise unsupported by the evidence.[2] ALJs may accord less weight, or no weight, to a physician's testimony for good cause; good cause includes disregarding statements that are brief and conclusory or otherwise unsupported by the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).

Although the credited medical evidence matches the ALJ's final residual functional capacity conclusion, Dise raises two primary objections. First, she emphasizes Dr. Haag's finding that she is "significantly impaired" in social functioning and claims that the ALJ disregarded this opinion. However, the ALJ did not ignore this evidence; he explicitly identified it in his conclusion.

---

[2] On appeal, Dise does not take issue with the ALJ's decision to afford this evidence no weight.

Second, she argues that the ALJ failed to account for her depression diagnosis. But, as she concedes, the ALJ was only required at step four to determine the effects that impairments have on a claimant's ability to work, *see Ripley*, 67 F.3d at 557; Dise's depression diagnosis is not, itself, a functional limitation.

Thus, the ALJ appropriately considered and weighed the medical evidence and other testimony and came to a residual functional capacity conclusion that was supported by substantial evidence.

**D.**

At step five in his analysis, the ALJ posed the following hypothetical question to a vocational expert:

> I'd like you to assume a younger individual with the same educational background and no work history as [Dise] has. If I were to find that individual had no exertional limitations and had the following non-exertional limitations; the individual is able to understand, remember, and carry out simple instructions; make decisions, attend and concentrate for extended periods; and must avoid concentrated exposure to co-workers and supervisors and the general public. With those limitations, could you identify any occupations such an individual could perform?

Dise claims that this hypothetical question is defective because (1) it fails to account for her ODD and depression diagnoses and (2) it erroneously used the term "concentrated exposure" to describe her mental impairment limitations.

First, the ALJ's hypothetical question properly accounted for Dise's impairments. A hypothetical posed to a vocational expert by an ALJ need only "reasonably incorporate" the disabilities and limitations recognized by the ALJ. *Bowling v. Shalala*, 36 F.3d 431, 435–36 (5th Cir. 1994). The ALJ's question here tracked his residual functional capacity assessment. As

previously discussed, that assessment was supported by substantial evidence.[3] Second, the term "concentrated exposure" was not ambiguous, and any issues with the terminology were resolved when the ALJ clarified that he meant that "interaction" with others must be avoided.  Thus, we find no reversible error.[4]

### E.

Finally, Dise argues that the ALJ erred in relying solely on grid rule 204.00 in his step five analysis.  However, a review of the ALJ's opinion clearly demonstrates that he relied on both the grid rule and the testimony of the vocational expert.   Indeed, the ALJ stated the following in his step five analysis:  "[b]ased on the testimony of the vocational expert, the undersigned concludes that, since June 1, 2009, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making successful adjustment to other work that exists in significant numbers in the economy."  This was proper because, as Dise concedes, we uphold fifth step determinations that are supported by testimony of a vocational expert and use the grid rules as a framework.  *See Vaughan v. Shalala*, 58 F.3d 129, 131–32 (5th Cir. 1995) (upholding a finding that the claimant was not disabled where the ALJ used the guidelines, but also expressly relied upon the vocational expert's testimony in his findings); *see also Carey v. Apfel*, 230 F.3d 131, 147 (5th Cir. 2000); *Snell v. Chater*, 68 F.3d 466 (5th Cir. 1995).

### IV.   CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[3] In fact, the hypothetical question posed to the vocational expert was very similar to the exact language used by Drs. Boulos and Haag in their functional capacity conclusions.

[4] In addition, Dise's non-attorney representative was given the opportunity to examine the vocational expert; "that is, [Dise] could have corrected any errors in the hypotheticals, or added additional disabilities, during the hearing." *Vaught v. Astrue*, 271 F. App'x 452, 456 (5th Cir. 2008).