# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2026

Lyle W. Cayce
Clerk

No. 25-30503

Ivy Cook,

*Plaintiff—Appellant*,

*versus*

Social Security Administration,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2048

Before Willett, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ivy Cook applied to the Social Security Administration for disability-insurance benefits and supplemental security income, principally alleging disability from carpal-tunnel syndrome. After the agency initially denied her application, an Administrative Law Judge (ALJ) issued a partially favorable decision, finding Cook disabled as of August 2021. Cook contends that her disability began six months earlier, in February 2021. After the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30503

Appeals Council denied review, Cook sued in federal court, which upheld the agency's decision. Because substantial evidence supports the ALJ's onset-date determination, we AFFIRM the district court's judgment.

I

Our review focuses "not on the district court's decisional process but on the ALJ's." *Randall v. Astrue*, 570 F.3d 651, 663 (5th Cir. 2009) (citation omitted). We ask only whether substantial evidence supports the agency's determination and whether the Social Security Commissioner used the proper legal standards in evaluating the evidence. *See Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citations omitted).

That standard is deferential. Substantial evidence is "merely enough that a reasonable mind could arrive at the same decision[.]" *Id.* (citation omitted). Under that standard, "[w]e will not reweigh the evidence, try the questions *de novo*, or substitute our judgment for the [Social Security] Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citation omitted). "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Madkins v. Bisignano*, 150 F.4th 657, 663 (5th Cir. 2025) (cleaned up).

II

Substantial evidence supports the ALJ's determination that Cook became disabled in August 2021.

Once an ALJ finds a claimant disabled, the ALJ must determine when the disability began—that is, the "established onset date." *Social Security Ruling 18-1p Determining the Established Onset Date (EOD) in Disability Claims*, 83 Fed. Reg. 49,613 (Oct. 2, 2018). The established onset date is "the

earliest date that the claimant meets both the definition of disability and the non-medical requirements for entitlement to benefits[.]" *Id.* at 49,614. That date "must be supported by the medical and other evidence and be consistent with the nature of the impairment(s)." *Id.* at 49,615. In determining it, the ALJ considers "the nature of the claimant's impairment; the severity of the signs, symptoms, and laboratory findings; the longitudinal history and treatment course (or lack thereof); the length of the impairment's exacerbations and remissions, if applicable; and any statement by the claimant about new or worsening signs, symptoms, and laboratory findings." *Id.*

Against that backdrop, the ALJ reasonably concluded that Cook became disabled in August 2021, not before. Before then, Cook reported numbness and tingling in her upper extremities and received treatment for those complaints. But the record did not yet show serious treatment, objective findings of disabling limitations, or any treating-physician opinions indicating that Cook could not work. Instead, the treatment records from that period focused on Cook's diabetes and lower-extremity problems, not disabling upper-extremity limitations. Even as late as July 2021, a neurology examination did not reveal limitations in Cook's arms or hands that foreclosed limited work.

Not until August 2021 did the record reflect significant pain and functional difficulties in Cook's upper extremities. The state-agency medical consultant identified the same inflection point, concluding that Cook could still perform light work before August but became disabled once her symptoms worsened that month.

Cook points to evidence predating August 2021, but the ALJ permissibly read the full record—including the final months of 2020 and the period leading up to Cook's alleged onset date of February 2021—as showing

a gradual decline that had not yet ripened into disabling upper-extremity limitations by February 2021. Earlier symptoms and diagnoses did not themselves establish disability. *See Dise v. Colvin*, 630 F. App'x 322, 326 (5th Cir. 2015) (per curiam) (recognizing that a claimant's earlier depression diagnosis "is not, itself, a functional limitation" and that the ALJ is only required to determine the effects of that impairment on the ability to work). The question was not whether Cook had symptoms before August; plainly she did. The question was when those symptoms became disabling. On that question, the ALJ had ample evidentiary support for choosing August 2021.

Cook separately argues that the ALJ misapplied the relevant agency rulings and guidelines governing onset dates. That argument fares no better. Those authorities permit an ALJ, where appropriate, to infer an earlier onset date from the available evidence when the precise date cannot be fixed. *See, e.g.*, 83 Fed. Reg. at 49,615. But they do not require the ALJ to infer an earlier onset date simply because some symptoms appeared sooner. *See id.* The ALJ considered Cook's treatment history as a whole and reasonably concluded that the record first showed disabling upper-extremity limitations in August 2021. At bottom, Cook asks us to re-weigh the evidence and substitute our judgment for the Commissioner's. *See Madkins*, 150 F.4th at 663 (citation omitted). That is not our role.

Nor is Cook aided by her complaint that the ALJ discussed some immaterial evidence from late 2020. Even assuming that point has merit, it would show at most a minor imperfection in the decisional path, not a reversible error affecting her substantial rights. *See id.* The ALJ's analysis did not hinge on any single piece of evidence. It rested on the record as a whole. And taken as a whole, that record substantially supports the ALJ's onset-date finding. *See id.* at 663, 667.

## III

Because substantial evidence supports the ALJ's determination that Cook became disabled in August 2021, the district court's judgment is AFFIRMED.